UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:24-cv-50-MOC

| | |
|---|---|
| BRIAN MARK SMITH, )<br> )<br>     **Plaintiff,**  )<br> )<br>vs.          )<br> )<br>**DEPUTY STATON, et al.,** )<br> )<br>     **Defendants.** )<br>_____ ) | **ORDER** |

**THIS MATTER** is before the Court on initial review of the Complaint [Doc. 1]. Plaintiff is proceeding in forma pauperis. [Doc. 10].

I.  **BACKGROUND**

The pro se Plaintiff filed this civil rights suit pursuant to 42 U.S.C. § 1983 while he was a pretrial detainee at the Cleveland County Detention Center (CCDC), addressing the circumstances of his arrest on September 17 or 21, 2023 when a police dog bit him.[1] [Doc. 1 at 4, 13]. He names as Defendants in their individual and official capacities: FNU Staton, a Cleveland County Sheriff's Office (CCSO) deputy; and Joker, a CCSO police dog. [Doc. 1 at 2]. The Plaintiff asserts claims for "8th & 14th amendment use of excessive force & cruel & unusually punishment." [Id. at 3] (errors uncorrected). He claims that "they … siced" Joker on him for "no reason" while he was

---

[1] The Plaintiff's address of record with the Court is at the Piedmont Correctional Institution. However, the North Carolina Department of Adult Corrections' website indicates that the Plaintiff is presently located at the Avery-Mitchell Correctional Institution. See https://webapps.doc.state.nc.us/opi/viewoffender.do?method=view&offenderID=1663691&searchLastName=smith&searchFirstName=brian&searchMiddleName=m&searchDOBRange=0&activeFilter=2&listurl=pagelistoffendersearchresults&listpage=1 (last accessed March 25, 2024); Fed. R. Ev. 201. The Plaintiff is reminded that it is his responsibility to keep the Court apprised of his present address at all times, and that the failure to do so may result in the dismissal of this action for lack of prosecution. [See Feb. 15, 2024 Order of Instructions].

on the ground and complying with police, and that he was "viciously mauld." [Id. at 5, 12-13]. For injury, he claims:

> The K9 Joker tore half my ear off and ripped my neck open not to mention I could hard walk for 3 weeks the detion officer had to pick me off the floor I still have a headach and swollen head the med staff only said I've see wrose with Joker I was lucky I beg the differ.
> …
> Since my arrest I have been having seviere headaches, loss of vision, stomach pains, swelling in my dead and side. The pain is unbearable and makes it almost impossible to sleep at night….

[Id. at 5, 13] (errors uncorrected). He seeks damages and injunctive relief.[2] [Id. at 12].

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see 28 U.S.C. § 1915A (requiring frivolity review for prisoners' civil actions seeking redress from governmental entities, officers, or employees).

In its frivolity review, a court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se

---

[2] The Plaintiff's claims for injunctive relief appear to be moot insofar as the Plaintiff no longer resides at CCDC. See generally Incumaa v. Ozmint, 507 F.3d 281, 286-87 (4th Cir. 2007) ("the transfer of an inmate from a unit or location where he is subject to [a] challenged policy, practice, or condition, to a different unit or location where he is no longer subject to the challenged policy, practice, or condition moots his claims for injunctive and declaratory relief."). He also appears to seek the suspension Defendant Staton's employment, which is outside the purview of this § 1983 action. See generally DeShaney v. Winnebago County Dep't of Soc. Servs., 489 U.S. 189, 196 (1989) ("The Due Process Clauses generally confer no affirmative right to governmental aid, even where such aid may be necessary to secure life, liberty, or property interests of which the government itself may not deprive the individual."); see, e.g., Vinyard v. Wilson, 311 F.3d 1340, 1356 (11th Cir. 2002) (arrestee had no constitutional right to internal investigation of excessive force claim); Van Houten v. Gaskill, 2006 WL 749410 (D. Kan. March 22, 2006) ("whether to fire or demote an employee is a personnel issue beyond the jurisdiction" of the district court).

complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

### III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed by a "person" acting under color of state law. See 42 U.S.C. § 1983; Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999); Health & Hosp. Corp. of Marion Cnty. v. Talevski, 599 U.S. 166 (2023).

The Plaintiff uses vague terms and pronouns rather than identifying the individual(s) involved in each allegation. [See, e.g., Doc. 1 at 5, 13 (referring to "they," "detion officer," "med staff," and "the police" )]. Such claims are too vague and conclusory to proceed insofar as the Court is unable to determine the individual(s) to whom these allegations refer. See Fed. R. Civ. P. 8(a)(2) (requiring a "short and plain statement of the claim showing that the pleader is entitled to relief"); Simpson v. Welch, 900 F.2d 33, 35 (4th Cir. 1990) (conclusory allegations, unsupported by specific allegations of material fact are not sufficient); Dickson v. Microsoft Corp., 309 F. 3d 193, 201-02 (4th Cir. 2002) (a pleader must allege facts, directly or indirectly, that support each element of the claim). Moreover, the Plaintiff's claims are nullities insofar as they refer to individuals not named as defendants in the caption as required by the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"); Myles v. United States, 416 F.3d 551 (7th Cir. 2005) ("to make someone a party the plaintiff must specify him in the caption and arrange for service of process."); Perez v. Humphries, No. 3:18-cv-107-

3

GCM, 2018 WL 4705560, at *1 (W.D.N.C. Oct. 1, 2018) ("A plaintiff's failure to name a defendant in the caption of a Complaint renders any action against the purported defendant a legal nullity"). The allegations directed at individuals not named as Defendants, or which refer to non-parties, are therefore dismissed without prejudice.

The Plaintiff names Joker, a police dog, as a Defendant. However, a dog is not a "person" for purposes of § 1983 and this action cannot proceed against him. See Dye v. Wargo, 253 F.3d 296, 299 – 300 (7th Cir. 2011) (A dog is not a proper defendant in a § 1983 action); see also Mickle v. Ahmed, 444 F. Supp. 2d 601, 605 n.2 (D.S.C. Jul. 10, 2006) ("Vito K-9," a police dog, is not a "person" and, therefore, is not an appropriate defendant to a § 1983 claim); Stout v. Preston Cnty. Sherriff [Sic] Dep't., No. 1:19-cv-123, 2021 WL 1540468, at *6 (N.D.W. Va. Jan. 14, 2021) (dismissing a canine officer as a defendant for failure to state a claim upon which relief can be granted), *report and recommendation adopted sub nom.* Stout v. Preston Cnty. Sheriff's Dep't, No. 1:19-cv-123, 2021 WL 1217315 (N.D.W. Va. Mar. 31, 2021). Accordingly, the claims against Joker will be dismissed with prejudice.

To establish individual liability under 42 U.S.C. § 1983, a plaintiff must show that the defendants "acted personally" to cause the alleged violation. See Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977) (citation omitted). As such, the doctrine of respondeat superior does not apply in actions brought under § 1983. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978). The Plaintiff does not make any allegations about Defendant Staton's personal involvement in the Plaintiff's arrest. See Fed. R. Civ. P. 8(a)(2) (requiring a "short and plain statement of the claim showing that the pleader is entitled to relief"); Simpson v. Welch, 900 F.2d 33, 35 (4th Cir. 1990) (conclusory allegations, unsupported by specific allegations of material fact are not sufficient); Dickson v. Microsoft Corp., 309 F.3d 193, 201-02 (4th Cir. 2002) (a pleader

4

must allege facts, directly or indirectly, that support each element of the claim). Therefore, the claims against Defendant Staton in his individual capacity will be dismissed without prejudice for failure to state a claim upon which relief can be granted.

Suits against an officer in his official capacity "generally represent only another way of pleading an action against an entity of which an officer is an agent." Kentucky v. Graham, 473 U.S. 159, 165 (1985) (quoting Monell v Dep't of Soc. Servs. of the City of New York, 436 U.S. 658, 690 n. 55 (1978)). The Office of Sheriff is not liable under § 1983 for an employee's acts "unless action pursuant to official municipal policy of some nature caused [the] constitutional tort." Collins v. City of Harker Heights, 503 U.S. 115, 120-21 (quoting Monell, 436 U.S. at 691). That is, "[f]or a governmental entity to be liable under section 1983, the official policy must be the moving force of the constitutional violation." Moore v. City of Creedmoor, 345 N.C. 356, 366, 481 S.E.2d 14, 21 (1997) (internal quotation marks and citations omitted). "Thus, the entity's 'policy or custom' must have played a part in the violation of federal law." Id. (quoting Monell, 436 U.S. 658, 694). Here, the Plaintiff alleges that Defendant Staton is "not a good dog handler and from past experience with many other case's you have reviewed I'm it's the same where he uses K-9 Joker in his cruel and unusual punishment wich is wrong." [Doc. 1 at 12] (errors uncorrected). These allegations are too vague, conclusory, and confusing to state a plausible Monell claim. . Accordingly, the claims against Defendant Staton in his official capacity will be dismissed without prejudice.

### IV. CONCLUSION

In sum, the Complaint fails initial review pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). The claims against Joker are dismissed with prejudice and the remaining claims are dismissed without prejudice.

The Court will allow the Plaintiff thirty (30) days to amend his Complaint, if he so chooses, to correct the deficiencies identified in this Order and to otherwise properly state a claim upon which relief can be granted. Any Amended Complaint will be subject to all timeliness and procedural requirements and will supersede his previous filings. Piecemeal amendment will not be allowed. Should Plaintiff fail to timely file an Amended Complaint in accordance with this Order, this action will be dismissed without prejudice and without further notice to Plaintiff.

## ORDER

**IT IS, THEREFORE, ORDERED** that:

1. The Complaint [Doc. 1] fails initial review pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii)

2. The claims against Joker are **DISMISSED WITH PREJUDICE**.

3. The remaining claims are **DISMISSED WITHOUT PREJUDICE**.

4. The Plaintiff shall have **thirty (30) days** in which to amend his Complaint in accordance with the terms of this Order. If Plaintiff fails to file an Amended Complaint in accordance with this Order and within the time limit set by the Court, this action will be dismissed without prejudice and without further notice to Plaintiff.

The Clerk is respectfully instructed to mail a blank § 1983 prisoner complaint form and a copy of this Order to the Plaintiff at his address of record as well as to: Brian Mark Smith, 1663691, Avery-Mitchell Correctional Institution, PO Box 247, Phoenix, MD 21131.

**IT IS SO ORDERED.**

Signed: April 16, 2024

Max O. Cogburn Jr
United States District Judge